UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD FINANCIAL SERVICES GROUP, INC., | ) ) ) | Case No.: 1:99 CV 1701 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| CLEVELAND PUBLIC LIBRARY, | ) ) | |
| Defendant | ) | <u>ORDER</u> |

In this case, Cleveland Public Library (hereinafter, "CPL") pursued multi-million dollar contractual and extra-contractual damage counterclaims against Hartford Financial Services Group, Inc. (hereinafter, "Hartford"). This court entered judgment for Hartford in accordance with the jury verdict on March 24, 2004. (*See* Judgment Entry, ECF No. 763.) Now pending before the court is Hartford's Motion For Costs in the amount of $192,539.09. (Hartford's Bill of Costs, ECF No. 787; Hartford's Mem. in Supp. of Pet. for Taxation of Costs, ECF No. 788.) This amount includes fees for service of summons and subpoenas, court reporter fees for deposition transcripts, fees for copying and printing, witness fees, docket fees, and other costs. (*See* Hartford's Bill of Costs.) CPL opposes Hartford's Motion, arguing that Hartford's Bill of Costs should be denied in its entirety or, in the alternative, reduced to $39,540.73 because many of Hartford's expenditures were unnecessary, or are unreasonably large. (CPL's Mot. in Opp'n to Hartford's Bill of Costs, ECF No.

815.) For the following reasons, Hartford's Motion is granted in part and denied in part. The court grants Hartford's Motion For Costs in the amount of $110,701.03, rather than the requested amount of $192,539.09.

## I. LAW AND ANALYSIS

Prevailing parties may recover certain allowable, reasonable, and necessary costs, pursuant to Federal Rule of Civil Procedure 54(d). The types of costs allowed are listed in 28 U.S.C. § 1920 as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> > (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> > (3) Fees and disbursements for printing and witnesses;
> > (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> > (5) Docket fees under section 1923 of this title [28 U.S.C. § 1923];
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Under Rule 54(d), "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has held that pursuant to Rule 54(d), the "'prevailing party is *prima facie* entitled to costs'

-2-

unless the judgment recovered was insignificant in comparison to the amount actually sought." *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). If the unsuccessful party "seeks to be excused from the burden of paying costs, it is incumbent upon her to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Pion v. Liberty Dairy Co.*, 922 F.Supp. 48, 49 (W.D.Mich.1996) (citing *White & White, Inc.*, 786 F.2d at 732). Such circumstances include:

> (1) where taxable expenditures are unnecessary or are unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; and (4) where the case is "close and difficult."

*White & White, Inc.*, 786 F.2d at 730-31. Where costs are allowed, the "Court must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case' . . . and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

### A. Close and Difficult

First, CPL argues that this court should exercise its discretion to deny Hartford's Bill of Costs *in toto* because this case was complex and difficult. (*See* Mot. in Opp'n, 4.) In order to determine whether a case was close and difficult, a court does not simply look at whether one party clearly prevails over another, but at "the refinement of perception required to recognize, sift through and organize relevant evidence, and . . . the difficulty of discerning the law of the case." *White & White, Inc.,* 786 F.2d at 732-33. The Sixth Circuit has upheld the denial of costs in several "close and difficult" cases involving numerous parties, exhibits, transcript pages, and lengthy opinions. *See id.*

at 732 (citing *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)). For example, in *United States Plywood,* the case involved a claim relating to the validity of a patent and counterclaims for patent infringement. After a lengthy trial, the court ruled that the defendant's patent was valid, but that there was no infringement by the plaintiff. It therefore found it would be inequitable for one side to pay the other's costs. *United States Plywood*, 370 F.2d at 508. In *White & White, Inc.*, the court declined to order costs where the trial had taken 80 days, and there were 43 witnesses, 800 exhibits, 15,000 pages of transcripts, and a 95-page opinion by the district court. *White & White, Inc.*, 786 F.2d at 732.

In contrast to these cases, many of the issues in this case were decided in Hartford's favor on pretrial motions and only three of CPL's seven counterclaims went to trial. Trial lasted only 20 days, in comparison to 80 days as in the *White* case. *Id.* Moreover, while this case was lengthy, no novel issues of Ohio law were involved and it did not reach the complexity of either *United States Plywood* or *White & White, Inc*. Thus, the court does not find that the case was sufficiently complex, or close and difficult, to deny Hartford's costs *in toto*.

### B. Conduct of the Parties

CPL also argues that it proceeded in good faith, while Hartford at times proceeded in bad faith. (Mot. in Opp'n, 6.) The good faith of the losing party is a relevant factor in determining whether costs should be awarded, but is not by itself a basis to deny all costs. *White & White, Inc.*, 786 F.2d at 730-31. Other courts have considered the "[m]isconduct, bad faith, and abuse of the trial process [as] grounds for refusing to award costs to the prevailing parties." *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990). CPL points to the fifty "defenses" Hartford raised in this case and the fact that thirty-one were dismissed by this court. CPL also reminds the court that

Hartford was twice sanctioned by the court for misconduct during discovery. This court is mindful of the numerous discovery issues and motions *in limine* that were vigorously contested in this case by both Hartford and CPL. It is this court's finding that *both* parties litigated quite contentiously, and thus, the conduct of the parties is not a factor upon which this court would refuse to award costs to the prevailing party.

### C. Excessive Costs

CPL also argues that Hartford's Bill of Costs is excessive on its face and thus should be denied altogether or, in the alternative, reduced to $39,540.73. (Mot. in Opp'n, 2, 8-9.) When considering an award of costs under Rule 54(d), the Supreme Court has cautioned that,

> We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

*Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (U.S. 1964). Under careful scrutiny, a prevailing party may not recover as costs expenses that are not specifically authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). CPL argues that many of Hartford's "costs" are either not taxable on their face or are not sufficiently supported, as discussed in detail below.

**1. Summons and Subpoenas**

Hartford seeks to have taxed as costs $2,283.79 for service of "subpoenas on third party witnesses to secure their attendance in depositions and at trial." (*See* Bill of Costs, 1, ECF No. 787.) Although CPL argues that Hartford fails to identify by name a number of the witnesses it claims it necessarily served with subpoenas, this court finds that Hartford did sufficiently identify the subpoenaed witnesses, which are individually named in the Affidavit of Brett K. Bacon in Support of Hartford's Bill of Costs ("Bacon Aff."), April 8, 2004, ¶¶ 5-7. (*See* Bacon Aff., ECF No. 790.) CPL also argues that Hartford should not be permitted to tax as costs the subpoena costs for witnesses who reside outside the subpoena power of this court. The only person specifically identified by CPL as residing outside of this court's subpoena power is Larry Rayburn. (Mot. in Opp'n, 10.) Hartford fails to respond to this argument. Therefore, Hartford's subpoenas costs shall be reduced by $130.90, the amount sought for the subpoena of Larry Rayborn. Accordingly, this court shall permit the taxation of Hartford's costs for subpoenas in the amount of $2152.89, rather than the requested $2,283.79.

**2. Deposition Costs**

Hartford seeks to recover $68,175.43[1] for transcripts and videotapes of witness depositions. (*See* Bill of Costs, 2, ECF No. 787.) The Sixth Circuit has stated that "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Baker v. First Tenn. Bank Nat'l Ass'n*, 1998 U.S. App. LEXIS 5769 (6th Cir. 1998)

---

[1] Hartford seeks a total of $90,059.33 for "Transcripts." (*See* Addendum to Bill of Costs, 9 ECF No. 793.) That amount includes $19,293.66 for Realtime and final transcripts of trial proceedings and $2,590.25 for transcripts from the proceedings held before Magistrate Judge Perelman. (*See id.* at 3.) Those costs have been excluded from the discussion of deposition costs and will be discussed separately.

(quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). CPL maintains that these costs are improper and excessive and that, as the petitioning party, Hartford has not explained why the deposition of any witness was necessary in this case. (Mot. in Opp'n, 11.) CPL also argues that this court should limit any such award of costs to depositions of witnesses who appeared at trial or whose depositions were read at trial, though CPL fails to identify which witnesses' depositions were not used at trial. (Mot. in Opp'n, 13.)

Simply because a deposition was not used or read into the record at trial does not mean that a deposition was not necessary. As the Sixth Circuit stated in *Baker*, 1998 U.S. App. LEXIS 5769 at *10, "a deposition does not have to be used as evidence to be taxed as an expense." The Court continued,

> "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Alan Wright et al., Federal Practice and Procedure; Civil 2d § 2676, at 341 (2d ed 1983); *see also* [*Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)] ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."); *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) ("A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking."), [cert. denied,] 484 U.S. 1065, 98 L. Ed. 2d 991, 108 S. Ct. 1027 (1988).

*Id.* at *10-*11.

Hartford argues that the depositions it took in this case were necessary at the time of their taking and points to the fact that they used many of the depositions to litigate pretrial dispositive motions or evidentiary issues. This court found that Hartford was entitled to entry of judgment in its favor as a matter of law on four of CPL's seven counterclaims. Furthermore, the affidavit of

-7-

Douglas Houser ("Houser Aff."), counsel for Hartford in this case, specifically explains the necessity for a number of the witnesses' depositions. (*See* Houser Aff., ¶¶ 9-33, ECF No. 789.)

In the Sixth Circuit, the burden of initially identifying which particular deposition costs are unreasonable and unnecessary is on the party challenging the award of costs. *See White and White Inc.*, 786 F.2d at 732 ("it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."); *Elabiad v. Trans-West Express, LLC*, 2006 U.S. Dist. LEXIS 48252 *5 n1 (N.D. Ohio 2006) (finding that objecting party had "not met its burden to overcome the presumption stated in Rule 54(d)(1) . . . [because it] simply states its objection to the 'cost of depositions not used at trial.' They do not, however, state with any specificity which depositions this entails.").

In *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), the losing party argued that the prevailing party's conclusory statements that the listed costs were necessary did not explain "why a particular deposition was taken, why the testimony was necessary, or why it was reasonably anticipated that the deposition would be used." *Id.* In affirming the district court's taxation of the deposition costs, the court found it was BDT Prods. that had "not addressed which depositions fall outside the reach of necessity." *Id.* The court also considered the "voluminous record created, the number of witnesses necessarily deposed in this matter, the length of time that this matter was pending before th[e] Court, and [the] Court's review of the supporting documents" and concluded that the "[$348,303 in] costs submitted as taxable [were] hardly unreasonable." *Id.*

In the instant case, Hartford, the prevailing party, does not explain why it was reasonable and necessary to take the depositions of all the witnesses it lists in its Addendum to its Bill of Costs, just

as the prevailing party in *BDT Prods.* failed to explain why all the depositions they had taken were necessary.  Here, as in *BDT Prods.*, the party challenging the award of costs, CPL, failed to specify which depositions it believed were "outside the reach of necessity." *Id.*  Because CPL does not object to any particular deposition, it has not overcome its burden.  Moreover, considering the length of this litigation, and the voluminous motion practice involved, this court concludes that Hartford's deposition costs in the amount of $68,175.43, are reasonable and necessary and may be taxed.[2]

CPL also argues that Hartford may not recover *both* the costs of stenographic transcript and the videotaping costs of depositions.  (Mot. in Opp'n, 13.)  In the Sixth Circuit, taxing "both the cost of videotaping and transcribing a deposition" are permissible.  *See BDT Prods.*, 405 F.3d at 420 (affirming the taxation of both the costs of videotaping and transcribing a deposition); *See also Ibrahim v. Food Lion*, 1998 U.S. App. LEXIS 14905 *6 (6th Cir. 1998) ("Section 1920 includes as a taxable expense the cost of videotaping a deposition.").  Therefore, this court shall permit the taxation of both the costs of videotaping and transcribing depositions.

Finally, CPL argues that even if Hartford's deposition transcriptions are taxable, "in no case is Hartford entitled to the reimbursement it seeks for minuscripts,[3] key word indices, or computer disc copies of transcripts for counsel's personal use."  (Mot. in Opp'n, 13.)  These costs are not recoverable under Section 1920 as they are not part of the standard cost of the transcript.  The Sixth

---

[2] Additionally, CPL noticed many of these depositions.  *See, Reddy v. Good Samaritan Hospital and Health Center*, 2001 U.S. Dist. LEXIS 19694, at * 5 (S.D. Ohio, September 24, 2001) (finding that the losing party had noticed many of the depositions for which the prevailing party sought to recover costs and reasoning that consequently,  the losing party should not be permitted to take the position that those depositions were not necessary.).

[3] The court reads CPL's reference to "minuscripts" to mean condensed versions of depositions.

Circuit has stated that, "[e]xpenditures for a computerized litigation support system are not taxable costs under section 1920." *Baker*, 1998 U.S. App. LEXIS 5769 at *17 (quoting *Northbrook Excess and Surplus Ins. Co.*, 924 F.2d 633, 643 (7th Cir. 1991)); *see also Elabiad*, 2006 U.S. Dist. LEXIS 48252 at *6 (holding costs for condensed transcripts are not recoverable). In *Northbrook*, 924 F.2d at 643, the court found that the fact that minuscripts, keyword indices, and computer disc copies reduced the time and costs in reviewing documents necessary for litigation was not sufficient to make them taxable. Hartford does not attempt to justify these costs; and this court concludes that such costs were not reasonable and necessary. CPL also objects to Hartford's recovery of costs for marking exhibits and bates labeling. Charges for "marking exhibits . . . are also "overhead" expenses not taxable under § 1920." *Elabiad*, 2006 U.S. Dist. LEXIS 48252 at * 6. Therefore, this court shall not allow the costs of minuscripts, keyword indices, computer disc copies, videotape copies, bates labeling,[4] or the labeling of exhibits to be taxed as costs. Consequently, this court shall reduce from Hartford's total deposition costs the amounts of $459.00, $70.00, $2,215.00, $595.00, and $180.81, as those amounts reflect impermissible overhead costs. (*See* Addendum to Bill of Costs, 8-9.) Therefore, this court shall permit the taxation of $64,655.62 as deposition costs, rather than the requested $68,175.43.[5]

---

[4] This court finds that bates labeling is analogous to labeling exhibits for trial and therefore it is also an overhead cost not recoverable under § 1920.

[5] The costs attributed to labeling exhibits and bates labeling shall be excluded in the section of this Order discussing Hartford's printing and copying costs. Additionally, to the extent that Hartford's printing and copying costs include charges for the creation of CDs and the duplication of CDs, those costs will also be excluded.

-10-

### 3. Daily Transcripts of Trial Proceedings Costs

CPL objects to Hartford's recovery of costs for $19,293.66 for "Realtime and Final Transcripts" of proceedings at trial. (Mot. in Opp'n, 14.) The Sixth Circuit found that the expense of daily transcripts, when not necessary, is not taxable as costs. *White & White, Inc.*, 786 F.2d at 731-32 (affirming district court's decision to deny daily transcript costs). This court does not find that daily transcripts of trial proceedings in this case were necessary and thus the $19,293.66 that Hartford seeks to recover for daily trial transcripts is not taxable. Consequently, this court shall reduce Hartford's recovery costs for daily transcripts of trial proceedings to $0.00, rather than the requested $19,293.66.

### 4. Costs of Transcripts of Status Hearings Before Magistrate Judge Perelman

Hartford seeks $2,590.25 for obtaining transcripts of the hearings held before Magistrate Judge Perelman regarding discovery, scheduling and other issues. (*See* Mem. in Supp. of Pet. for Taxation of Costs, 5.) Hartford argues that obtaining transcripts of these proceedings was reasonable and necessary to provide this court with the actual record, rather than asking this court to rule based on counsel's argument about what Magistrate Judge Perelman decided. Like daily transcripts from the trial, this court finds that transcripts from Magistrate Judge Perelman's hearings were likely convenient to the parties, but not necessary. Accordingly, this court shall deny those costs and reduce Hartford's recovery for the costs of transcripts for the proceedings held before Magistrate Judge Perelman to $0.00, rather than the requested amount of $2,590.25.

### 5. Photocopying and Printing Costs

Hartford seeks to tax as costs $80,736.58 in photocopying and printing costs. As a general rule, a prevailing party can recover costs to photocopy "papers necessarily obtained for use in the

case." *See* 28 U.S.C. § 1920(4).  CPL argues that Hartford is making an overly broad request and has provided "meager information" for the court to determine what was copied in this case and how these copies were used, if at all. (Mot. in Opp'n, 17.)  Hartford maintains that this total includes "the costs to produce documents in response to the Library's production requests, production of copies of exhibits to both the Library's attorneys and the Court, and other printing expense."  (Mem. in Supp. of Pet. for Taxation of Costs, 8 (citing Houser Aft., ¶ 36; Bacon Aft., ¶¶ 3-4; Affidavit of Michelle Cutwright Sztul ("Sztul Aff."), April 6, 2004, ¶ 8, ECF No. 791).)  Hartford also asserts that it reasonably and necessarily incurred printing costs to obtain documents from the County Prosecutor's Office pertaining to the Library's claims.  (*Id.* (citing Bacon Aft., ¶ 2; Sztul Aft., ¶¶ 3-7.)

This court agrees with CPL that Hartford has provided "meager information" for this court to determine the reasonableness and necessity of all of the copies at issue, totaling a rather large cost of $80,736.58. *See Northbrook*, 924 F.2d at 643 (finding "a copying bill of more than $ 50,000 [to be] large"). The Sixth Circuit has cautioned that a court should not "rubber stamp" a party's photocopying expenses. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1152 (6th Cir. 1998) ("Allowing a several thousand dollar payment for photocopying expenses without looking into the cost per photocopy is exemplary of an impermissible laxity.").  In the instant case, Hartford fails to provide this court with any indication of the average cost per copy, or even the total number of copies. Furthermore, "[t]he burden is on the party seeking reimbursement for photocopying costs to show that the copies were necessary for use in the case." *Charboneau v. Severn Trent Labs.*, 2006 U.S. Dist. LEXIS 16877 *4 (W.D. Mich. 2006); *see* also *Alexander v. CIT Tech. Fin. Servs.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002).  As the court stated in *Charboneau*,

> Copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable. *Fla. Keys Citizens Coalition, Inc. v. United States Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005); *Wyne v. Medo Industries, Inc.*, 329 F. Supp. 2d 584, 590 (D. Md. 2004); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003). Where it appears that a party's non-itemized request for photocopying charges includes amounts that are not reimbursable under § 1920(4), the court may reduce the number of copies to account for copies obtained for the convenience of counsel rather than for use in the case. *See In re Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (affirming 70% reduction of non-itemized photocopying costs to reflect court's estimate of cost of photocopying exhibits and papers submitted for trial); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) (reducing copies by 20% to account for possibility that some were made for convenience of counsel).

*Charboneau*, 2006 U.S. Dist. LEXIS 16877 at *3 - *4.

Hartford has not shown that all the copies for which it seeks reimbursement were necessary for use in the case.  For example, Hartford seeks $22,420.04 for IKON charges as one item, for "copying charges for litigation" from "03/05/2003-03/26/2004 " without any further explanation. (*See* Addendum to Bill of Costs, 11; Printing Part 2 Exhibits to the Bill of Costs, IKON invoice "System 4: Photocopies by Unit, Summary" in the amount of $22,420.04, ECF No. 799.)  This court may not "rubberstamp" a $22,420.04 expenditure stated so broadly, especially considering that Hartford seeks reimbursement for multiple other invoices relating to printing that also took place during that time span, though from different vendors.  Many of the invoices submitted by Hartford are without any description of the purpose.  (*See, e.g.*, Addendum to Bill of Costs, 12-13; Printing Part 3 Exhibits to the Bill of Costs, Uniscribe  Invoices, ECF No. 799.)  Consequently, this court cannot tell whether these copies were perhaps obtained only for the convenience of counsel, or whether they included extra copies of filed papers and correspondence, which are ordinarily not recoverable.  *See Charboneau*, 2006 U.S. Dist. LEXIS 16877 *3.   The court will not permit

-13-

recovery of such undetailed copy expenses. This court shall only allow the taxation of costs for photocopying and printing that are explained by affidavit, and those costs that this court can ascertain the necessity of from Hartford's Addendum to its Bill of Costs.

Houser's affidavit ¶ 36 states that "Hartford has identified amounts that it believes are reasonably and necessarily incurred in this matter . . . includ[ing] the printing charges appearing under the name of the vendor, Bridge City Legal . . . [and that] [t]hese charges were reasonably and necessarily incurred for document productions to the Library's attorneys and providing copies of documents to the Court. . . ." (Houser Aft., ¶ 36.) The costs for "printing" that Hartford seeks to recover, attributable to fees from Bridge City Legal, total $17,375.60. These costs are also sufficiently described in Hartford's Addendum to its Bill of Costs. (*See*, Addendum to its Bill of Costs, 9-11.) Therefore, this court finds the printing costs associated with Bridge City Legal to be reasonable and necessary to the extent they do not represent overhead costs such as labeling exhibits and bates labeling. (*See Elabiad*, 2006 U.S. Dist. LEXIS 48252 * 6.)

Sztul's affidavit states that she is a paralegal employed by one of the firms representing Hartford and that she was responsible for handling the copying and other duplication of documents produced in this litigation. (*See* Sultz Aff. ¶ 1.) Sultz's affidavit refers to and explains the reasonableness and necessity of five invoices from Profile Imaging, Invoice numbers 4518, 4617, 4678, 5230, and 5486, for a total amount of $18,029.94. (*See* Sultz Aff. ¶¶ 3-7.) This court finds those costs to be reasonable and necessary to the extent they do not represent overhead costs, such as labeling exhibits and bates labeling.

Hartford also points to Bacon's affidavit which mainly argues that copies of certain experts' files were reasonable and necessary. (*See* Bacon Aff. ¶¶ 3-4.) Bacon's affidavit does not identify

-14-

through reference to the addendum, or otherwise, what vendor invoices or number of copies were involved.

The amount of photocopying and printing that are explained by affidavit or described in Hartford's Addendum to its Bill of Costs equals $37,277.74.[6] This court must then deduct from those charges, the costs attributable to multiple copies for counsel's convenience, bates labeling and the labeling of exhibits for trial, and costs for the creation and duplication of CDs. (*See* footnote 5.)  As explained above, this court cannot establish the exact amount attributable to convenience copies. Furthermore, this court can only determine some, but not all, of the costs attributable to labeling of exhibits, bates labeling, and the creation and duplication of CDs.  Accordingly, this court shall reduce the figure of $37,277.74. by 30% to reflect this court's estimate of costs attributable to convenience copies, the labeling of exhibits, bates labeling, and the creation and duplication of CDs.[7] *See In re Merritt Meridian Constr. Corp.*, 95 F.3d at 173 (affirming 70% reduction); *Rice*, 237 F. Supp. 2d at 981 (N.D. Ind. 2002) (reducing copies by 20%).  Therefore, this court shall permit the taxation of $26,094.42 for printing and photocopy costs, rather than the requested $80,736.58.

---

[6] Houser's affidavit supports the Bridge City Legal invoices, totaling $17,375.60. Sztul's affidavit supports five invoices from Profile Imaging, totaling $18,029.94. Hartford's Addendum to Bill of Costs describes seven other invoices from Uniscribe, totaling $1,872.20.  The grand total of these three amounts equals $37,277.74.

[7] Simply by reviewing the printing costs associated with Bridge City Legal this court finds that $4,529.96 of the requested costs are attributable to the creation of CDs, CD duplication, convenience copies, and the scanning of documents which this court determines was convenient for counsel, but not necessary.

### 6. Fees for Exemplification and Copies of Papers

Hartford seeks $2,914.85 for the exemplification and copies of papers. Exemplification imports the legal meaning of an official transcript of a public record, authenticated as a true copy for use as evidence. *See American Trim, L.L.C. v. Oracle Corp.*, 230 F. Supp. 2d 803, 807 (N.D. Ohio 2002) (citing Black's Law Dictionary 593 (7th ed. 1999)). Section 1920 permits the prevailing party to recover fees for exemplification and copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4). Hartford maintains that it obtained certified true copies of transcripts of the judicial proceedings in the related *Matt Construction* case and that this expense was both reasonable and necessary, given the issue and claims raised by CPL. (*See* Mem. in Supp. of Pet. for Taxation of Costs, 10; Houser Aff. ¶¶ 26, 28, 31.)

CPL's argument that Hartford did not use the certified copies of the transcripts at issue as "substantive evidence at trial" is unpersuasive. As previously discussed, "[w]hen a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." *Baker*, 1998 U.S. App. LEXIS 5769 at *10 -*11 (citation omitted).

CPL also argues that Hartford does not explain why such certified copies of transcripts were necessary or why the costs associated with obtaining the copies were reasonable. (Mot. in Opp'n, 19.) This court finds that Hartford has adequately explained the reasonableness and necessity of exemplification fees. Hartford maintains that it obtained the evidence from the *Matt Construction* case in defending against the CPL's claim of bad faith and to assist directly in Hartford's ultimately successful motion for summary judgment on the bad faith claim. Accordingly, Hartford's exemplification costs in the amount of $2,914.85 shall be permitted.

**7. Witness Fees**

Hartford seeks to tax as costs $13,699.36 as witness fees. The prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses only include attendance, travel, and subsistence fees as specified in 28 U.S.C. § 1821. The statute entitles the prevailing party to fees paid to witnesses for attendance at trial or depositions. *See* 28 U.S.C. § 1821(a)(1). Witness costs include an attendance fee of $40 for each day of attendance and expenses for the time necessarily occupied in going to and returning from the place of attendance. *See* 28 U.S.C. § 1821(b). A witness who travels by common carrier shall be paid for the actual expenses of travel. *See* 28 U.S.C. § 1821(c)(1). Actual receipts are not required by statute or case law. *See Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 425 (6th Cir. 2001). All normal travel expenses shall be taxable as costs. *See* 28 U.S.C. § 1821(c)(4). Additionally, a subsistence allowance shall be paid to a witness when an overnight stay is required. *See* 28 U.S.C. § 1821(d)(1).

Hartford seeks witness fees in the amount of $13,699.36. (*See* Addendum to Hartford Cost Bill Re Witness Expense, ECF No. 794.) Hartford has limited its claim for recovery of witness fees to the statutory amount of fees, mileage and subsistence rates set forth in the provisions of 28 USC § 1821. (*See* Reply, 19; Houser Aff. ¶¶ 38-39.) CPL argues that Hartford has failed to show that these fees were necessarily incurred, or that they were reasonable. (Mot. in Opp'n, 15.) CPL also argues that "[s]everal of the witnesses for whom Hartford seeks 'witness fees' are in fact employees of Hartford, including Ronald Paice, Eldon Beltz, Barbara Gaglione, and Lynn Thorsson." (*Id.*) This court is aware of no caselaw, and CPL cites none, that states that a prevailing party may not recover witness fees for a witness, if that witness is an employee of the prevailing party. As long as the employees appeared as witnesses, rather than as representatives of the corporation, Hartford may tax

as costs the associated witness fees. *See Golden Voice Tech. & Training, L.L.C. v. Rockwell Elec. Commerce Corp.*, 2004 U.S. Dist. LEXIS 22064 (D. Fla. 2004) ("Federal law permits corporate litigants to recover, as costs under 28 U.S.C. § 1821, the witness fees and mileage paid to its officers, but only so long as those officers appeared solely as witnesses rather than as representatives of the corporation.") (citing *Kemart Corp. v. Printing Arts Research Laboratories, Inc.*, 232 F.2d 897, 901-02 (9th Cir. 1956) and *Perlman v. Feldmann*, 116 F. Supp. 102, 115 (D.Conn. 1953)).

CPL also argues that Hartford ought not to recover all the expenses sought for Mr. Paice, Hartford's client representative, on the dates that he attended trial as a corporate representative and not as a witness. (Mot. in Opp'n, 15.) The total witness fees sought for Mr. Paice equal $6,737.71. (*See* Addendum to Hartford Cost Bill Re Witness Expense, 4.) Hartford's Exhibit E indicates that Mr. Paice's expenses from February 24, 2004, to February 27, 2004, for which Hartford seeks the reimbursement of $1,621.29, were attributable to Mr. Paice's "attendance as a corporate rep." (*See* Exhibit E (Ron Paice), 13, ECF No. 800.) Therefore, those costs shall be excluded. Additionally, the charges dating from June 9, 2003, in the amount of $40 for a phone call, shall also be excluded as this court can find no indication from either Hartford's briefing or its exhibits that this call was either necessary or made by Mr. Paice as a witness. Accordingly, Hartford may recover only $12,038.07 for witness fees and not the requested $13,699.36.

### 8. Other Costs, Fees of the Clerk, and Docket Fees

This court shall permit the taxation of : (1) "other costs" in the amount of $2,675.18; (2) fees of the Clerk in the amount of $150.00; and (3) docket fees under 28 U.S.C. § 1923 in the amount of $20.00. CPL did not object to the taxation of those costs.

## II. CONCLUSION

For the foregoing reasons, Hartford's Petition for Costs (ECF No. 787) is granted in part and denied in part as follows:

(1) costs for subpoenas in the amount of $2,152.89, rather than the requested $2,283.79;
(2) costs for depositions in the amount of $64,655.62, rather than the requested $68,175.43;
(3) costs for daily transcripts in the amount of $0.00, rather than the requested amount of $19,293.66;
(4) costs for transcripts for the proceedings held before Magistrate Judge Perelman in the amount of $0.00, rather than the requested amount of $2,590.25;
(5) costs for printing and photocopying in the amount of $26,094.42, rather than the requested amount of $80,736.58;
(6) costs for exemplification in the amount of $2,914.85;
(7) costs for witness fees in the amount of $12,038.07, rather than the requested amount of $13,699.36;
(8) "other costs" in the amount of $2,675.18, as CPL did not object;
(9) costs for fees of the Clerk in the amount of $150.00, as CPL did not object;
(10) costs for docket fees under 28 U.S.C. § 1923 in the amount of $20.00, as CPL did not object.

In conclusion, this court shall award Hartford a total of $110,701.03 in costs, rather than the requested total of $192,539.09.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 28, 2007